**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CITIZENS BANK, SUCCESSOR IN INTEREST BY MERGER TO REPUBLIC BANK, F/K/A REPUBLIC SAVINGS BANK | ) ) ) | CASE NO. 5:12-cv-1142 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| LEYLAND INVESTMENT CO., LLC, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

---

**JUDGMENT ENTRY GRANTING COMBINED MOTION OF PLAINTIFF CITIZENS BANK, SUCCESSOR IN INTEREST BY MERGER TO REPUBLIC BANK, f/k/a REPUBLIC SAVINGS BANK FOR (I) DEFAULT JUDGMENT AGAINST DEFENDANT LEYLAND INVESTMENT CO., LLC; (II) SUMMARY JUDGMENT AGAINST DEFENDANTS AQUA MANAGEMENT GROUP, INC. DBA HOOK, LINE & DRINKERS AND SUMMIT COUNTY FISCAL OFFICER; AND DECREE OF FORECLOSURE**

---

This cause was submitted to the Court on the Combined Motion of Plaintiff Citizens Bank, Successor in Interest by Merger to Republic Bank, f/k/a Republic Savings Bank for (1) Default Judgment against Defendant Leyland Investment Co., LLC; (2) Summary Judgment against Defendants Aqua Management Group, Inc. dba Hook, Line & Drinkers and Summit County Fiscal Officer; and (3) a Decree of Foreclosure (Doc No. 25), the Answers of Defendants Aqua Management Group, Inc. dba Hook, Line & Drinkers (Doc No. 24), and Summit County Fiscal Officer (Doc No. 6), and the evidence.

**THE COURT FINDS THAT:**

The real property that is the subject of this foreclosure action is located at:

> 530 Portage Lakes Drive, Akron, Ohio 44319, and bearing permanent parcel numbers 19-10155, 19-05163, 19-10156 and 19-05157, as more particularly described in the legal description attached as Exhibit 1 (the "Portage Lakes

Property"); and 3556 1/2 Portage Point Boulevard, Akron, Ohio 44319, and bearing permanent parcel number 19-04099, as more particularly described in the legal description attached as Exhibit 1 (the "Portage Point Property") (collectively, the "Premises").

All necessary parties have been served with summons according to law and are properly before the Court.  Defendant Leyland Investment Co., LLC has failed to answer or otherwise defend as required by the Federal Rules of Civil Procedure, that Plaintiff properly filed a motion for default judgment and that Plaintiff has provided an evidentiary basis for the entry of default judgment.

The Court finds that there is no genuine issue as to any material fact, and that Plaintiff is entitled to judgment as a matter of law.

Accordingly, the *Combined Motion of Plaintiff Citizens Bank, Successor in Interest by Merger to Republic Bank, f/k/a Republic Savings Bank for (1) Default Judgment against Defendant Leyland Investment Co., LLC; (2) Summary Judgment against defendants Aqua Management Group, Inc. dba Hook, Line & Drinkers and Summit County Fiscal Officer; and (3) a Decree of Foreclosure* is **GRANTED**.

The Court finds that Defendant Aqua Management Group, Inc. dba Hook, Line & Drinkers has filed an answer claiming an interest in the Premises.  Such interest shall transfer to the proceeds of the sale of the Premises, and Defendant Aqua Management Group, Inc. dba Hook, Line & Drinkers shall have the right to seek payment from the proceeds of the sale of the Premises.  Such interest shall be released from the title to the Premises on confirmation of the sale to ensure that the buyer obtains title to the Premises free and clear of all interests.  The Court makes no finding at this time as to the respective rights, title, interests or liens of said defendant as set forth in their pleadings, except as set forth herein.

The Court finds that on June 28, 2005, Plaintiff and Defendant Leyland Investment Co., LLC ("Borrower") entered into a certain Construction Loan Agreement, pursuant to which Plaintiff agreed to lend Borrower the sum of $850,000.00, pursuant to the terms and conditions set forth therein (the "First Loan Agreement").  A true and accurate copy of the First Loan Agreement is attached to the Complaint as Exhibit A.

The Court finds that Borrower executed and delivered to Plaintiff a certain Commercial Term Note referenced in and attached as Exhibit B to Plaintiff's Complaint (the "First Note") and promised, among other things, to make monthly payments on or before the date such payments were due.  The Court further finds that Borrower has failed to pay in accordance with the terms of the First Note and is, therefore, in default.  The Court also finds that Plaintiff is the owner and holder of the First Note, and that the sums due under the First Note were accelerated in accordance with the terms of the First Note and the First Mortgage, as defined herein.

The Court finds that to secure payment of the First Note, Borrower executed and delivered a certain Open-End Mortgage and Security Agreement, as referenced in and attached as Exhibit C to Plaintiff's Complaint (the "First Mortgage"), thereby conveying the Portage Lakes Property to Plaintiff as security for repayment of the First Note.

The Court finds that the First Mortgage was duly recorded and filed for record in the Summit County Fiscal Office on July 14, 2005 as Document No. 55208620, and thereby became and is a valid first mortgage lien on the Portage Lakes Property subject only to the lien of the Summit County Fiscal Officer for taxes and assessments; that the conditions in the First Mortgage have been broken and the same has become absolute; and that, as a result, Plaintiff is entitled to have the equity of redemption and dower of all defendants in and to the Portage Lakes Property foreclosed.

The Court finds that Plaintiff is the owner and holder of the First Mortgage, and that the First Mortgage secures the amounts due under the First Note.  The Court also finds that there is or may be due Plaintiff sums advanced by it under the terms of the First Note and First Mortgage to pay real estate taxes, hazard insurance premiums, and property protection, the total amount of which is undetermined at the present time, but which amount will be ascertainable at the time of the sale, which amount may be added to the first mortgage lien of Plaintiff.  The Court reserves for further order a determination of the exact amount due Plaintiff for said advances.

The Court finds that on September 1, 2005, Plaintiff and Borrower entered into a certain Commercial Loan Agreement, pursuant to which Plaintiff agreed to lend Borrower the sum of $127,500.00, pursuant to the terms and conditions set forth therein (the "Second Loan Agreement").  A true and accurate copy of the Second Loan Agreement is attached to the Complaint as Exhibit K.

The Court finds that Borrower executed and delivered to Plaintiff a certain promissory note referenced in and attached as Exhibit L to Plaintiff's Complaint (the "Second Note") and promised, among other things, to make monthly payments on or before the date such payments were due.  The Court further finds that Borrower has failed to pay in accordance with the terms of the Second Note and is, therefore, in default.  The Court also finds that Plaintiff is the owner and holder of the Second Note, and that the sums due under the Second Note were accelerated in accordance with the terms of the Second Note and the Second Mortgage, as defined herein.

The Court finds that to secure payment of the Second Note, Borrower executed and delivered a certain Open-End Mortgage, as referenced in and attached as Exhibit M to Plaintiff's Complaint (the "Second Mortgage"), thereby conveying the Portage Point Property to Plaintiff as security for repayment of the Second Note.

The Court finds that the Second Mortgage was duly recorded and filed for record in the Summit County Fiscal Office on September 2, 2005 as Document No. 55229777, and thereby became and is a valid first mortgage lien on the Portage Point Property subject only to the lien of the Summit County Fiscal Officer for taxes and assessments; that the conditions in the Second Mortgage have been broken and the same has become absolute; and that, as a result, Plaintiff is entitled to have the equity of redemption and dower of all defendants in and to the Portage Point Property foreclosed.

The Court finds that Plaintiff is the owner and holder of the Second Mortgage, and that the Second Mortgage secures the amounts due under the Second Note.  The Court also finds that there is or may be due Plaintiff sums advanced by it under the terms of the Second Note and Second Mortgage to pay real estate taxes, hazard insurance premiums, and property protection, the total amount of which is undetermined at the present time, but which amount will be ascertainable at the time of the sale, which amount may be added to the first mortgage lien of the Plaintiff.  The Court reserves for further order a determination of the exact amount due Plaintiff for said advances.

The Court finds that on February 27, 2007, Plaintiff and Borrower entered into a certain Commercial Loan Agreement, pursuant to which Plaintiff agreed to lend Borrower the sum of $660,000.00, pursuant to the terms and conditions set forth therein (the "Third Loan Agreement").  A true and accurate copy of the Third Loan Agreement is attached to the Complaint as Exhibit O.

The Court finds that Borrower executed and delivered to Plaintiff a Promissory Note (Commercial Term Note) in the principal amount of $660,000.00 referenced in and attached to the Complaint as Exhibit P (the "Third Note").  The Court further finds that Borrower

subsequently executed and delivered to Plaintiff an Amended and Restated Cognovit Promissory Note (Commercial Term Note) in the principal amount of $660,000.00, which served to amend and restate the Third Note (the "Amended Third Note") and promised, among other things, to make monthly payments on or before the date such payments were due.  The Court further finds that Borrower has failed to pay in accordance with the terms of the Amended Third Note and is, therefore, in default.  The Court also finds that Plaintiff is the owner and holder of the Amended Third Note, and that the sums due under the Amended Third Note were accelerated in accordance with the terms of the Amended Third Note and the First Mortgage.

The Court finds that to secure payment of the Amended Third Note, Borrower executed and delivered a certain Amendment to Open-End Mortgage and Security Agreement and Mortgage Loan Modification Agreement, as referenced in and attached as Exhibit R to Plaintiff's Complaint (the "Amendment"), which served to modify and amend the First Mortgage such that it would also secure the indebtedness evidenced by the Amended Third Note.

The Court finds that the Amendment was duly recorded and filed for record in the Summit County Fiscal Office on March 1, 2007 as Document No. 55419068, and thereby became and is part of the first mortgage lien created by the First Mortgage on the Portage Lakes Property subject only to the lien of the Summit County Fiscal Officer for taxes and assessments.

The Court finds that Plaintiff is the owner and holder of the Amendment and First Mortgage, and that the First Mortgage secures the amounts due under the Amended Third Note. The Court also finds that there is or may be due Plaintiff sums advanced by it under the terms of the Amended Third Note and First Mortgage to pay real estate taxes, hazard insurance premiums, and property protection, the total amount of which is undetermined at the present time, but which amount will be ascertainable at the time of the sale, which amount may be added to the first

mortgage lien of the Plaintiff.  The Court reserves for further order a determination of the exact amount due Plaintiff for said advances.  The First Note, the Second Note, the Amended Third Note may be collectively referred to herein as the "Notes."  The First Mortgage and the Second Mortgage may be collectively referred to herein as the "Mortgages."

The Court finds that on April 27, 2012, in an action bearing Case No. CV 2012 04 2329, the Summit County Court of Common Pleas rendered judgment in favor of Plaintiff on the Notes in the aggregate amount of $1,430,205.49, plus interest on the principal balances of the Notes at the rates set forth therein from and after February 23, 2012, as referenced in and attached to the Complaint as Exhibit U (the "Judgment").  The Court further finds that Plaintiff obtained a lien in the Judgment amount in an action bearing Case No. JL-2012-3957, as referenced in and attached to the Complaint as Exhibit V (the "Certificate of Judgment").

The Court finds that there is due to the Summit County Fiscal Offer for taxes, accrued taxes, assessments, and penalties on the Premises described herein, as shown on the Summit County Fiscal Offer's tax duplicate, the exact amount being unascertainable at this time, but which amount will be ascertainable at the time of the sale of said Premises, which are a valid and subsisting first lien on the Premises.

The Court further finds that there is no just cause for delay.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that Defendant Leyland Investment Co., LLC is in default in these proceedings and that judgment is entered in favor of Plaintiff and against Defendant Leyland Investment Co., LLC;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that there is no genuine issue as to any material fact and Plaintiff is entitled to judgment as a matter of law, and therefore

judgment is entered in favor of Plaintiff and against Defendants Aqua Management Group, Inc.

dba Hook, Line & Drinkers and Summit County Fiscal Officer; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that unless the sums

found to be due to Plaintiff, together with the costs of this action, including the cost of the

Preliminary Judicial Reports filed herein for which Plaintiff is entitled to reimbursement, be fully

paid within ten (10) days from the date of the entry of this Decree, the equity of redemption and

the dower of all defendants in the Premises described above will be foreclosed and the Premises

shall be sold free of the interest of all parties to this action subject to redemption by the Borrower

pursuant to Ohio Revised Code § 2329.33.  In addition, and until further order of this Court,

David M. Hunter, the court-appointed receiver in this matter, is to proceed in accordance with

the Court's Order Appointing David M. Hunter as Receiver (Doc No. 20), including, without

limitation, the advertisement and private sale of the Premises and the reporting of his

proceedings to this Court.

Subject to further order of this Court in the Order of Confirmation of Sale and

Distribution, the proceeds of any sale of the Premises shall be paid as follows:

1.	To the Clerk of Courts the costs herein, including all allowed and unpaid

compensation to the Receiver and counsel to the Receiver as may be allowed, upon application,

by order of this Court and the sum of $4,943.00, payable to Plaintiff's attorneys, Meyers,

Roman, Friedberg & Lewis IOLTA, for the judicial reports filed herein, which is hereby taxed as

costs;

2.	To the Summit County Fiscal Officer, taxes, accrued taxes, assessments, and

penalties on the Premises payable under Ohio Revised Code § 323.47 as set forth herein;

8

3.      To Plaintiff, the sum of $1,430,205.49, plus interest on the principal balances of the Notes at the rates set forth therein from and after February 23, 2012, the exact amount of which is yet to be determined;

4.      To Plaintiff, sums advanced for real estate taxes, hazard insurance and property protection, and Plaintiff's attorneys' fees in an amount yet to be determined; and

5.      The balance, if any, to be held by the Court pending further order of the Court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that on the distribution of the proceeds of sale pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Summit County Fiscal Office and the Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the Premises.

**IT IS SO ORDERED.**


  11/9/2012                                     /s/John R. Adams
  DATE                                          JUDGE JOHN R. ADAMS



Submitted By:


*/s/ Alan B. Dailide*
Peter D. Brosse (0014217)
*pbrosse@meyersroman.com*
Debra J. Horn (0037386)
*dhorn@meyersroman.com*
Alan B. Dailide (0088014)
*adailide@meyersroman.com*
MEYERS, ROMAN, FRIEDBERG & LEWIS
28601 Chagrin Boulevard, Suite 500

Cleveland, Ohio 44122
Phone: (216) 831-0042
Fax:    (216) 831-0542
*Attorneys for Plaintiff Citizens Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2012, a copy of the foregoing *Revised Proposed*

*Order and Decree of Foreclosure* was filed electronically.  Notice of this filing will be sent to all

parties by operation of the Court's electronic filing system.  Parties may access this filing

through the Court's system.  In addition, a copy was sent by regular U.S. mail to:

Leyland Investment Co., LLC                    Aqua Management Group, Inc.
3621 Ponciana Drive                            dba Hook, Line & Drinkers
Akron, Ohio 44319,                             530 Portage Lakes Drive
*Defendant*                                    Akron, Ohio 44319
                                               *Defendant*


                                   /s/ *Alan B. Dailide*
                                   Alan B. Dailide

EXHIBIT 1

Legal Description

530 Portage Lakes Drive
Akron, OH 44319

**Parcel I:**

Situated in the Township of Coventry, County of Summit and State of Ohio and known as being part of Tract 13 and all of Lot 1 of the Sawyer and Haynes Portage Point Allotment as recorded in Plat Book 14, Page 25 of the Summit County Recorder's Office, being further bounded and described as follows:

Beginning at a mag nail set at the northeast corner of said Lot 1 also being the intersection of the south line of C.H. 75, Portage Lakes Drive, width varies, with the west line of Portage Point Boulevard, 40 feet wide;

Thence, South 32° 58' 52" West, along the east line of said Lot 1 also being the west line of said Portage Point Boulevard, a distance of 195.00 feet to a mag nail set at the southeast corner of said Lot `1 also being the northeast corner of Lot 103 of said Sawyer and Haynes Allotment;

Thence North 52° 08' 52" West, along the south line of said Lot 1 also being the north line of said Lot 103 and 2 of said Sawyer and Haynes Allotment, passing over the northwest corner of said Lot 103 at 70.00 feet, a total distance of 190.00 feet to a drill hole set at the southwest corner of said Lot 1 also being the northwest corner of said Lot 2;

Thence, North 27° 16' 00" East, along the west line of said Lot 1, a distance of 102.80 feet to a drill hole set;

Thence, North 32° 58' 52" East, along the west line of said Lot 1, a distance of 90.00 feet to a 5/8" iron pin set w/ cap Lewis Land Professionals at the northwest corner of said Lot 1 also being on the east line of a record 0.172 acre parcel conveyed to Asia Minor, Inc. on June 4. 1992 known as part of parcel no. 1905163 and the west line of a record 0.0297 acre parcel conveyed to Asia Minor, Inc. on June 4. 1992 known as part of parcel no. 1905163 and the south line of said Portage Lakes Drive;

Thence, South 53° 10' 16" East, along the north line of said Lot 1 also being the south line of said Portage Lakes Drive, a distance of 200.00 feet to the "TRUE PLACE OF BEGINNING" of the parcel herein described and containing 0.8732 acres, more or less, as surveyed by Steven W. Clutter, Professional Surveyor S-7655, in June of 2005, for and on behalf of Lewis Land Professionals, Inc.

The "BASIS OF BEARINGS" for this description is assumed and used hereon to denote angle only.

PPN: 19-10155, Routing No. CO-00314-A5-001.000

**Parcel II:**

Situated in the Township of Coventry, County of Summit and State of Ohio and known as being part of Tract 13 and all of Lot 2 and 103 of the Sawyer and Haynes Portage Point Allotment as recorded in Plat Book 14, Page 25 of the Summit County Recorder's Office, being further bounded and described as follows:

Beginning at a mag nail set at the northeast corner of said Lot 103 also being the southeast corner of Lot 1 of said Sawyer and Haynes Allotment and the west line of Portage Point Boulevard, 40 feet wide;

Thence, South 32° 58' 52" West, along the east line of said 103 also being the west line of Portage Point Boulevard, a distance of 24.75 feet to the southeast corner of said Lot 103 also being the northeast corner of Lot 104 of said Sawyer and Haynes Allotment, witness a ½" iron pipe found South 79° 17' 37" East, a distance of 0.48 feet from corner described;

Thence, North 79° 17' 37" West, along the south line of said Lot 103 also being the north line of said Lot 104, a distance of 83.92 feet to a ¾" iron pipe found at the southwest corner of said Lot 103 also being the northwest corner of Lot 104 and the east line of Lot 3 of the said Sawyer and Haynes Allotment;

Thence, North 40° 11' 44" East, along the west line of said Lot 103 also being the east line of said Lot 3, a distance of 23.00 feet to the northeast corner of said Lot 3 also being the southeast corner of Lot 2 of said Sawyer and Haynes Allotment, witness a 5/8" iron pin set w/ cap Lewis Land Professionals South 40° 11' 44" West, a distance of 5.00 feet from corner described and a 5/8" iron pin set w/ cap Lewis Land Professionals North 52° 08' 52" West, a distance of 5.00 feet from corner described;

Thence, North 52° 08' 52" West, along the south line of said Lot 2 also being the north line of said Lot 3, a distance of 120.00 feet to a 5/8" iron pin set w/ cap Lewis Land Professionals at the southwest corner of said Lot 2 also being the northwest corner of said Lot 3;

Thence, North 40° 11' 44" East, along the west line of said Lot 2, a distance of 40.00 feet to a drill hole set at the northwest corner of said Lot 2 also being the southwest corner of said Lot 1;

Thence, South 52° 08' 52" East, along the south line of said Lot 1 also being the north line of said Lot 2 and said Lot 103, passing over the northeast corner of said Lot 2 at 120.00 feet, a total distance of 190.00 feet to the "TRUE PLACE OF BEGINNING" of the parcel herein described and containing 0.1827 acres, more or less, as surveyed by Steven W. Clutter, Professional Surveyor S-7655, in June of 2005, for and on behalf of Lewis Land Professionals, Inc.

The "BASIS OF BEARINGS" for this description is assumed and used herein to denote angle only.

PPN: 19-05157, Routing No. CO-00314-05-002.000

**Parcel III:**

Situated in the Township of Coventry, County of Summit and State of Ohio: and known as being part of Tract 13 and all of a record 0.172 acre parcel conveyed to Asia Minor, Inc. on June 4, 1992 known as part of parcel no. 1905163, being further bounded and described as follows:

Commencing at a point on the centerline of C.H. 75, Portage Lakes, width varies, point being South 30° 14' 07" East, a distance of 93.85 feet from a 1" iron pin found in a monument box w/ cap Summit County Engineer's Office at the centerline intersection of said Portage Lakes Drive and Saunders Avenue, 30 feet wide;

Thence, South 30° 14' 07" East, along the centerline of said Portage Lakes Drive, a distance of 372.34 feet to a mag nail set at the northeast corner of a parcel now or formerly conveyed to M.A. Barensfeld also being the northwest corner of said 0.172 acre Asia Minor, Inc. parcel and the "TRUE PLACE OF BEGINNING" of the parcel herein to be described;

Thence, South 30° 14' 07" East, along the centerline of said Portage Lakes Drive also being a north line of said 0.172 acre Asia Minor, Inc. parcel, a distance of 28.39 feet to a spike nail found;

Thence, South 53° 10' 16" East, along the centerline of said Portage Lakes Drive also being a north line of said 0.172 acre Asia Minor, Inc. parcel, a distance of 71.61 feet to a mag nail set at the northeast corner of said 0.172 acre Asia Minor, Inc. parcel also being the northeast corner of a record 0.0297 acre parcel conveyed to Asia Minor, Inc. on June 4. 1992 known as part of parcel no. 1905163;

Thence, South 44° 01' 47" West, along the east line of said 0.172 acre Asia Minor, Inc. parcel also being the west line of said 0.0297 acre Asia Minor, Inc. parcel, passing over a 5/8" iron pin set w/ cap Lewis Land Professionals at the northwest corner of Lot 1 of the Sawyer and Haynes Portage Point Allotment as recorded in Plat Book 14, Page 25 of the Summit County

Recorder's Office at 25.20 feet, a total distance of 101.87 feet to a drill hole set at the southeast corner of said 0.172 acre Asia Minor, Inc. parcel also being the southwest corner of said 0.0297 acre Asia Minor, Inc. parcel;

Thence, North 25° 35' 16" West, along a south line of said 0.172 acre Asia Minor, Inc. parcel, a distance of 21.92 feet to a drill hole set;

Thence, North 11° 38' 16" West, along a south line of said 0.172 acre Asia Minor, Inc. parcel, a distance of 55.00 feet to a drill hole set;
Thence, North 50° 24' 32" West, along a south line of said 0.172 acre Asia Minor, Inc. parcel, a distance of 42.09 feet to the southwest corner of said 0.172 acre Asia Minor, Inc. parcel also being the southeast corner of said parcel now or formerly conveyed to M.A. Barensfeld, witness a drill hole set North 52° 22' 09" East, a distance of 5.00 feet from corner described;

Thence, North 52° 22' 09" East, along the west line of said 0.172 acre Asia Minor, Inc. parcel also being the east line of said parcel now or formerly conveyed to M.A. Barensfeld, a distance of 65.89 feet to the "TRUE PLACE OF BEGINNING" of the parcel herein described and containing 0.1728 acres, more or less, as surveyed by Steven W. Clutter, Professional Surveyor S-7655, in June of 2005, for and on behalf of Lewis Land Professionals, Inc.

The "BASIS OF BEARINGS" for this description is assumed and used herein to denote angle only.

PPN:  19-05163, Routing No. CO-00314-05-012.000

**Parcel IV:**

Situated in the Township of Coventry, County of Summit and State of Ohio: and known as being part of Tract 13 and all of a record 0.0297 acre parcel conveyed to Asia Minor, Inc. on June 4, 1992 known as part of parcel no. 1905163, and now found to contain 0.0143 acres and being further bounded and described as follows:

Commencing at a point on the centerline of C.H. 75, Portage Lakes, width varies, point being South 30° 14' 07" East, a distance of 93.85 feet from a 1" iron pin found in a monument box w/ cap Summit County Engineer's Office at the centerline intersection of said Portage Lakes Drive and Saunders Avenue, 30 feet wide;

Thence, South 30° 14' 07" East, along the centerline of said Portage Lakes Drive, a distance of 400.73 feet to a spike nail found;

Thence, South 53° 10' 16" East, along the centerline of said Portage Lakes Drive, a distance of 71.61 feet to a mag nail set at the northeast corner of a record 0.172 acre parcel conveyed to Asia Minor, Inc. on June 4, 1992 known as part of parcel no. 1905163,

Thence, South 44° 01' 47" West, a distance of 25.20 feet to a 5/8" iron pin set with cap marked "Lewis Land Professionals", said pin also being at the "TRUE PLACE OF BEGINNING" of the parcel herein to be described;

Thence, South 32° 58' 52" West, a distance of 84.73 feet to a drill hole set;

Thence, North 24° 10' 13" West, a distance of 17.49 feet to a drill hole set at the southwest corner thereof also being the southeast of said 0.172 acre Asia Minor, Inc. parcel;

Thence, North 44° 01' 47" East, along the east line of said 0.172 acre Asia Minor, Inc. parcel, a distance of 76.67 feet to the "TRUE PLACE OF BEGINNING" of the parcel herein described and containing 0.0143 acres, more or less, as surveyed by Steven W. Clutter, Professional Surveyor S-7655, in June of 2005, for and on behalf of Lewis Land Professionals, Inc.

The "BASIS OF BEARINGS" for this description is assumed and used to denote angle only.

PPN:  19-10156, Routing No. CO-00314-A5-002.000

3556 ½ Portage Point Boulevard
Akron, OH 44319

**Parcel V:**

Land situated in the Township of Coventry, County of Summit and State of Ohio, is described as follows:

And known as being Lot No. 3 in that part of Sawyer and Haynes Shore Acres Allotment known as Portage Point as recorded in Plat Book 14, Page 25 of Summit County Records of Plats.

PPN:  19-04099, Routing No. CO-00314-05-001.000

J:\Agency\lgltx\legal\530 Portage Lakes Drive.doc